Upon review of the competent evidence of record with reference to the errors assigned, and finding no good grounds to receive further evidence or to rehear the parties or their representatives, the Full Commission adopts the Decision and Order of the Deputy Commissioner.
 ***********
Based upon all of the competent evidence of record, the Full Commission makes the following:
 FINDINGS OF FACT
1. On 11 February 1999, plaintiff arrived at Pender Correctional and was issued an extra mattress, extra pillows, and a bed wedge as per medical orders contained in plaintiffs DOC medical file.
2. On 11 March 1999, Correctional Officer J. Ricker, Clothes House Supervisor, removed the extra mattress, pillows and bed wedge that had been previously issued to plaintiff pursuant to an order of PA Warren by a DOC notification slip dated 13 January 1999. Nurse Padgett, the nurse supervisor for the Pender Correctional Institute Medical Unit, testified before the Deputy Commissioner that this was a valid order for the extra bedding which did not expire until 13 January 2000. Nurse Padgett could not justify the removal of the extra bedding by Officer Ricker.
3. Plaintiff is a diabetic and had been prescribed a diabetic cough syrup to take as needed. He ran out of the diabetic cough syrup in late April 1999. Plaintiff was issued regular cough syrup in replacement, and he complained. On 20 April 1999, diabetic cough syrup was ordered for plaintiff from Central Prison Pharmacy by the Pender Correctional Center medical unit as such medication was not available at Pender. On 21 April 1999, plaintiff was transferred to McCain Hospital. He was transferred with regular cough medicine because the order for diabetic cough syrup had not as yet arrived. DOC medical personnel at McCain discovered the confusion and provided plaintiff with diabetic cough syrup. Plaintiff had gone without his diabetic cough syrup for a short period of time.
4. Plaintiff presented no evidence regarding any serious medical condition resulting from the lack of diabetic cough syrup, or that he suffered harm as a result of the lack of the diabetic cough syrup.
5. The extra bedding was returned to plaintiff by mid April 1999. The three to four weeks that plaintiff had gone without the bedding caused him discomfort. Plaintiff alleged that the lack of extra bedding caused him to experience congestive heart failure, but there was no medical evidence to support this allegation.
6. Plaintiff has and is currently being provided with all his medical care by the DOC. He is currently housed at McCain Hospital which is the preferred facility within the DOC system for the care of chronically ill prisoners.
7. The actions of Officer Ricker in removing plaintiffs extra bedding constitutes negligence.
 ***********
Based upon the foregoing findings of fact, the Full Commission enters the following:
 CONCLUSIONS OF LAW
1. The removal of the extra bedding by Officer Ricker constitutes an act of negligence resulting in three to four weeks of discomfort suffered by plaintiff. Plaintiff is entitled to a reasonable award of $750.00 in damages for such discomfort.
2. The failure to provide plaintiff with diabetic cough syrup does not constitute negligence on the part of defendant in that plaintiff has failed to demonstrate any damages resulting from the lack of diabetic cough syrup. The medicine was not available at Pender Correctional while plaintiff was housed there, and there has been no showing that the lack of stock at Pender Correctional constituted negligence.
 ***********
Based upon the foregoing findings of fact and conclusions of law, the Full Commission enters the following:
 ORDER
1. Defendant shall pay plaintiff the sum of $750.00 in damages for the negligent acts of Officer Ricker.
2. Defendant shall pay the costs of this action.
This the day of April, 2001.
 S/___________________ BERNADINE S. BALLANCE COMMISSIONER
CONCURRING:
 S/_______________ LAURA K. MAVRETIC COMMISSIONER
 S/_______________ CHRISTOPHER SCOTT COMMISSIONER